JERRY HEALY *v.* GEORGE JUST.

1. JUDGMENT. *Amendment. Limitation.*
    There is no limitation as to the time when a judgment may be amended, under Code 1871, § 627, short of the time which will bar the judgment.

2. CODE 1871, § 627. *Amendment as to joint defendant.*
    The exercise of the power of amendment, given by § 627, Code 1871, to the court, by amending a judgment as to one joint defendant, does not affect the right to subsequently amend as to the other.

3. WRIT OF ERROR. *Limitation. Amendment of judgment.*

A writ of error is barred after three years from the rendition of a judgment, although the judgment has been amended within three years of the time of suing out the writ.

4. JUDGMENT. *Amendment. Code 1871, § 627.*

Where the declaration and writ are against J. H., whose name is subscribed to the instrument sued on, a judgment against J. R. may be amended, under § 627, Code 1871, on notice to the plaintiff, by substituting after J. the surname H., instead of R., and the judgment is valid and enforceable against J. H. without such amendment.

ERROR to the Circuit Court of Warren County.

Hon. GEORGE F. BROWN, Judge.

*Frank Johnston*, for the plaintiff in error.

1. The court had not power to order the amendment. At common law there was no power of amendment after adjournment of the term. 3 Bl. Com. 407. The only source of power is the statute. 3 S. & M. 248. The statute (Code 1857, p. 509, art. 186), being in derogation of the common law, must be construed to allow the amendment only during the succeeding vacation. It is not a power of amendment unlimited as to time. In *Boon* v. *Boon*, 8 S. & M. 321, the amendment was made at the next succeeding term. In other cases, the question was not raised.

2. After the first amendment, the jurisdiction of the court under the statute was at an end. The statute contemplates but one proceeding for this purpose. There may not be *an unlimited number* of proceedings to amend.

3. If the amendment was properly made, the writ of error brings the whole case before this court. The judgment prior to this amendment was ineffectual against Jerry Healy, and incapable of enforcement, and the execution could only have followed the judgment. Until the amendment cured this defect, Healy had nothing to complain of, and no occasion for a writ of error. When the amendment was made, a technically correct judgment against Jerry Healy, from which he could appeal, was entered for the first time. If the mistake corrected by the amendment were the only error, an affirmance would follow as a matter of course, supposing the amendment allowable. But Code 1871, § 627, identical with Code 1857,

p. 509, art. 186, provides for an affirmance only where there are no other errors, and evidently contemplates that the court shall look through the whole record, and reverse, if other errors exist.

The learned counsel·then pointed out numerous errors in the proceeding on which the original judgment was founded, and he insisted that the judgment should be reversed.

*Buck & Clark*, for the defendant in error.

1. The argument that the application to amend must be made during the. next vacation, and that only one can be made, imposes restrictions not contained in the statute. § 627, Code. The statute is *remedial*, and must be liberally construed, to cure the mischief at which it is directed.. Moreover, Healy has not applied to amend before. The first amendment was by Ready, and in no way beneficial to Healy.

2. The next position of counsel in reference to this statute is advanced in quite a different mood. He is no longer willing to give it a " reasonable " construction, but insists upon standing by the *very letter*. He insists that, on· error to an amendatory order, the court cannot affirm the original judgment if there be *any* error apparent in the record; in other words, that the proceeding to amend opens up the whole record, and actually relieves the case *from a bar of limitation already attached;* that the use of the statute, to cure an immaterial defect, opens afresh defects already cured by the lapse of time. The statute says that, in case of error prosecuted for making such amendment, it shall be the duty of the court " *to affirm such judgment if there be no other error apparent on such record.*" This means, unquestionably, *if there be no other error of which the court may legitimately take notice.* The object of the last clause of the statute was to exclude the possibility of its being contended that an amendment, for any of the specified defects, should operate to cure defects not specified. In other words, the meaning is simply this : If the making of the amendment hereby authorized be the only matter of which the party can (legitimately) complain, then the court shall affirm the judgment : the old ground of objection to the amendment of a judgment, after the term at which it was rendered, shall no longer prevail.

It is not, as suggested by counsel, the *amendment* which cures the *other* errors in the record: *they* have been already cured *by the lapse of time.* At the time this application to amend was made, this judgment, *except for the defect at which the application was aimed*, was, by operation of the Statute of Limitations, as good, effectual and sound in law as if no error had ever intervened in its rendition. Now, what was that error? A mere clerical misprision in the name of the plaintiff in error, which, by reference to other portions of the record, could be "safely amended." Nay, more, it was a clerical misprision so patent that it was not at all necessary to amend it, to give legal effect to the judgment. *Grimball* v. *Mississippi Railroad*, 3 S. & M. 38; Burrill's Law Dic., titles "Judgment" and "Roll;" *Hoggatt* v. *Montgomery*, 6 How. (Miss.) 93.

CAMPBELL, J., delivered the opinion of the court.

Just sued Ready and Healy, and, after various proceedings not necessary to be mentioned here, a judgment was entered on the minutes, in December, 1870, thus, viz.: —

"No. 207. George Just *v.* Maurice Ready and Jerry Healy. — This day came the parties, by their attorneys, &c. . . . It is therefore considered by the court that the said plaintiff, George Just, do have and recover of the said defendants, Maurice Ready and Jerry Ready, the said sum of," &c.

In the declaration and summons the defendants were described as Maurice Ready and Jerry Healy, whose names were subscribed to the instrument sued on and annexed to the declaration. In 1872 there was an amendment in the judgment as to Maurice Ready, made on petition of Just, the plaintiff; and in 1875, on petition of Just, and after notice to Jerry Healy, an amendment of said judgment was ordered by the Circuit Court, by directing the name "Healy," after "Jerry," in the body of said entry of judgment, to be inserted instead of "Ready;" so that the judgment may stand against Maurice Ready and Jerry Healy, who were the real defendants in said action. Jerry Healy prosecutes a writ of error, and here assigns errors in the record of the judgment rendered as afore-

said, on the 14th December, 1870, as well as to the amendment of said judgment in 1875. The defendant in error has pleaded the bar of three years to the assignment of errors in the judgment as it was before the amendment; and, as to the error assigned in the judgment ordering the amendment, the defendant says there is no error in the record.

Responding to the argument of counsel for the plaintiff in error, we do not think there is any limitation as to the time when an amendment of a judgment may be made, as authorized by statute, Code, § 627, short of the time which will bar the judgment. Nor do we think that the exercise by the court of the power of amending the judgment as to Ready affected its right to amend as to Healy.

Any errors in the judgment rendered in December, 1870, were cured by time before the plaintiff's writ of error was sued out, and as to them the writ is barred. There is no error in the amendment made in 1875; it was entirely unnecessary. The judgment was a valid judgment against Jerry Healy, and capable of execution against him without any amendment. The writing the name " Jerry Ready " instead of " Jerry Healy " in the body of the judgment was a clerical misprision, which did not in any manner affect the judgment. It was correctable by reference to the declaration and summons.

*Judgment affirmed.*